**BELL & SHIVAS, P.C.**
Joseph J. Bell, Esq. (Attorney ID# 016881985)
Brian C. Laskiewicz (Attorney ID#039562000)
Carolyn M. McGuire (Attorney ID# 0330711994)
150 Mineral Springs Road
Rockaway, NJ 07866
Phone: (973) 442-7900
Fax: (973) 442-7990
Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARRY T. HARM, SR., and BARRY T. HARM, JR., <br><br> Plaintiffs, <br><br> v. <br><br> GARDEN HOMES MANAGEMENT, GARDEN COMMUNITIES, MANSFIELD VILLAGE GARDEN APARTMENTS a/k/a or d/b/a GARDEN HOME MANAGEMENT, MINAC ASSOCIATES a/k/A MINAC ASSOCIATES #2, DAVID S. ROTH, in his individual and business or corporate capacities, ABC CORPORATIONS 1-10, XYZ COMPANIES 1-10, and JOHN DOES 1-10, jointly and severally, <br><br> Defendant. | Civil No.: <br><br> CIVIL ACTION <br><br> **PLAINTIFFS' VERIFIED COMPLAINT, JURY DEMAND, AND DESIGNATION OF TRIAL COUNSEL** |

1.    Plaintiffs Barry T. Harm, Sr. and Barry T. Harm, Jr.., residing at 42 East Ave, Hackettstown, NJ 07840, by their counsel, Bell & Shivas, P.C., allege the following upon personal knowledge as to their own acts and upon information and belief as to all other matters.

## NATURE OF THE ACTION

2. This is a collective action under the Fair Labor Standards Act, 29 U.S.C. Section 201, et seq. (the "FLSA") and the New Jersey Wage and Hour Law, N.J.S.A. Section 34:11-56, et seq. (the "NJWHL") and common law complaint for fraud, misrepresentation and breach of contract against Defendants Garden Homes Management, with Headquarters located at 820 Morris Turnpike, Short Hills, NJ 07078, Garden Communities with Headquarters located at 820 Morris Turnpike, Short Hills, NJ 07078, Mansfield Village Garden Apartments a/k/a or d/b/a Garden Home Management ("Mansfield") with an address of 7 Nikitin Way, Hackettstown, NJ 07840 and 7 State Highway Route 57, Hackettstown, NJ 07840, Minac Associates a/k/a Minac Associates #2 ("Minac") with an address of 820 Morris Turnpike, Ste. 203, Short Hills, NJ 07078, and David S. Roth, both individually and in his corporate and/or managerial capacity and/or capacity as owner, landlord or lessor with respect to the aforementioned Corporate Defendants ("Defendants" or "Corporate Defendants"), for Defendants' misclassification of employees as exempt from overtime pay, and the consequent failure to pay non-exempt employees overtime at time and one-half their hourly rate for hours worked over forty (40) in a work week or wages and/or overtime for additional work performed outside the scope of their employment for snow removal and salting.

3. In addition, Plaintiffs assert common law claims for fraud, misrepresentation and breach of contract for deliberately overlapping and intertwining companies so as to cloak corporations from liability; deliberately misleading employees as to the identity of their employers; deliberately and intentionally and falsely misleading Plaintiffs as to their entitlement at law for overtime pay; and failing to provide Plaintiffs with basic contract documents and employment documents given to all other employees similarly situated.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. Section 1331 and the FLSA, 29 U.S.C. Section 216(b). This Court has jurisdiction over Plaintiffs' NJWHL claims pursuant to 28 U.S.C. Section 1367. This Court has supplemental jurisdiction over Plaintiffs' common law claims pursuant of fraud, misrepresentation and breach of contract as they are directly related to Plaintiffs' employment, Defendants' false and intentional misrepresentations to Plaintiffs regarding their failure to pay overtime or their duty to pay overtime and with respect to the relationship of the various Defendants to one another and Plaintiffs, and interference with, or breach of, contractual obligations created orally, and in connection with Plaintiffs' employment relationship as set forth in the employee handbook.

5. Venue is proper in this District because all known Corporate entities and parties reside in this District, and a substantial part of the events giving rise to Plaintiff's claims, and those of the persons similarly situated, occurred in this District, included but not limited to Plaintiffs' employment by Garden Homes a/k/a Garden Communities, a/k/a Minac Associates a/k/a Minac Associates #2 ("Minac") a/k/a Mansfield Village Garden Apartments a/k/a or d/b/a Garden Home Management with an address of 7 State Route 57, Hackettstown, NJ ("Mansfield"). The individual Defendant, David S. Roth ("Roth") resides in the State of New York. Corporate and business entity defendants and Roth are collectively referred to herein as "Defendants".

## THE PARTIES

6. Plaintiffs are father and son, and citizens of the State of New Jersey residing in Hackettstown, New Jersey.

7. Plaintiff Barry T. Harm, Sr. ("Harm Sr.") worked for Defendant Garden Homes, and its subsidiaries and/or subdivisions and/or holdings Minac Associates a/k/a Minac Associates #2

("Minac") and Mansfield Village Garden Apartments a/k/a or d/b/a Garden Home Management ("Mansfield") for a period of thirty (30) years. He has held the position of repairman (including air conditioning) and Property Manager.

8. Throughout his employment, Harm Sr. was misclassified as exempt from overtime pay requirements of the FLSA and NJWHL. He was also the victim of common law fraud, misrepresentation and breach of contract by Corporate Defendants and David S. Roth in his individual and corporate or partnership or managerial capacities. His termination date from his employer(s) is June 26, 2015.

9. Plaintiff Barry T. Harm, Jr. ("Harm Jr.") has worked for Garden Homes, and its subsidiaries and/or subdivisions and/or holdings Minac Associates and Mansfield Village from approximately 1999 to his termination date of June 26, 2015.

10. Defendant Corporations ABC (1-10) represents various overlapping corporations. Defendant Companies XYZ (1-10) represents various overlapping business entities. John Does (1-10) represents person(s) not yet identified as owners or operators or managers of various Defendant entities.

11. Defendant David Roth is an owner, operator, manager, lessor, supervisor, landlord and employer of the various Defendant business entity and corporations, in particular Minac and Mansfield, and the individual who (1) perpetrated fraud, misrepresentation and breach of contract with respect to Harm Sr.; (2) failed to or prevented responsible entities from paying overtime to Harm Sr. and Harm Jr.; (3) misclassified employees so as to avoid paying overtime to Harm Jr. and others similarly situated; (4) intentionally misrepresented to Harm Sr. and Harm Jr. the identity of their true employer, and the laws of the State of New Jersey that state that both Harm. Sr. and Harm Jr. and others similarly situated were entitled to overtime; (5) failed to pay Harm, Sr. and

Harm Jr. and others similarly situated for snow removal, salting, on-call hours, and other jobs performed outside of a forty (40) hour workweek; (6) in or about 2012 was Landlord of Mansfield and leased an apartment to Harm Sr., then employed by the landlord as Property Manager of the premises known as: Minac Associates #2.

## SUBSTANTIVE ALLEGATIONS

12. A Multiple Dwelling Report Worksheet of Garden Communities for the Year 2014 indicates that Mansfield Village is a Community whose address is 7 Mansfield Village, Hackettstown, NJ 07840 Block 1102, Lot: 04.04 and 04.05, located within the County of Warren. The Owner of the development is listed as Minac Associates. At that time, the manager was listed as "Barry Harm". The Complex Code was W2100100, Complex Pin: 4211. The Unit Breakdown indicates 812 units comprised of 604 1-bedroom apartments and 208 2-bedroom apartments. See Exhibit A to the Complaint.

13. Mansfield Village rental information both pre- and post-renovation indicate that applicants for apartments should make their deposit to process application payable to: Minac Associates #2. Applicants must also make a non-refundable credit check fee to "Garden Homes Management".

14. The Separation and Release Agreements (the "Agreements") issued to Harm Sr. and Harm Jr., respectively, both with the identical termination date of June 26, 2015, but *never executed or agreed to* by Plaintiffs indicate for each that there employer is "Minac Associates" and that they are to vacate the apartment provided as rent-free to Harm Sr. (as Property Manager) and Jr. (as Superintendent) of Mansfield Village and mail keys to: Courtney Porzio, Office Manager, Minac Associates, 820 Morris Turnpike, Short Hills, NJ 07078-2624 by July 10, 2015. Father and son were terminated on the same day.

15. The Agreements issued to Harm Sr. and Harm Jr. also sought to have Plaintiffs waive all claims under numerous State and Federal Statutes, including New Jersey's Wage and Hours Laws; New Jersey Conscientious Employee Protection Act; New Jersey's Wage Payment Laws; Fair Labor Standards Act, National Labor Relations Act; Title VII; Civil Rights Act of 1991; NJLAD; etc. Plaintiffs were also asked to waive any common law claims, including whistleblower claims, and unfair labor practices claims.

16. The Agreements further sought for Plaintiffs to identify and withdraw from any "class" of any suit they were made party to and to report same to David Roth, in writing, at Minac Associates, 820 Morris Turnpike, Short Hills, NJ 07078-2624.

17. Prior to Termination, as part of his job responsibilities as Property Manager, Dan Lansman, of Garden Homes, working for the family that first started Garden Homes, the Wilf Brothers, Zygmunt and Mark Wilf and their cousin, Leonard, would call and *require* that Harm Sr. attend Garden Homes Management meetings where as part of the written agenda items overtime for snow removal and other overtime was to be reported. However, Mansfield Village employees, including Harm, Jr., *never* received payment for overtime during the entire time from the time that Harm Jr. became Superintendent on or about January 1, 2007 to the end of his employment on June 26, 2015.

18. This is the case even though Harm Jr. lived on the premises and were required, along with other employees, to be on-call to tenants and to participate in snow removal and salting during inclement weather and to perform other projects and repairs above and beyond their forty (40) hour work week. It is estimated by Plaintiffs that over the course of eight (8) winters during the period of December through March, Plaintiffs are owed approximately at least $27,000.00 each in overtime for shoveling and salting alone, independent of their daily, forty (40) hour work week

responsibilities. This does not include on-call hours or hours on regular days when they would be required to work over-time a few hours on a day to complete additional projects for Defendants. For a period from 2007 through 2015, Harm Jr. estimates he is entitled to 7,722.25 hours over on-call overtime hours totaling approximately $125,000.00.

19. However, whenever Harm Sr. or Harms Jr. would report to Roth that they were not paid overtime at any time for any reason, as other Garden Homes employees from other properties throughout New Jersey were, they would be told by Roth that they were not entitled to overtime because overtime was not paid. This is in derogation of Federal Law. Though Roth and Minac would receive the overtime hours call, they would not instruct payroll to include the overtime hours.

20. Harm Sr. and Harm Jr. were never given a copy of an employee handbook by Garden Homes or Roth.

21. Harm Sr.'s checks were issued by Gramercy Management, Inc. for, at a minimum, the years 2012 thru 2015, indicating that he was a salaried employee and there were two weeks in each pay period.

22. Harm Jr.'s checks were also issued by Gramercy Management, Inc. There were two weeks in each pay period. For his entire tenure as an employee of Defendants Harm Jr. made $10.87 per hour (after being cut to $10.00 per hour when his title was changed in 2007 to Superintendent, and later subsequently raised to $10.87 per hour), and was also then given free lodging. The free lodging may have been factored into the hourly wage. However, Defendants wrongfully did not pay overtime to Harm Jr. despite the level of overtime worked Harm Jr. performed for Defendants.

23.  Upon information and belief, though Harm Sr., as Property Manager, would report overtime and time for inclement weather, snow removal, and salting via telephone to accounting, his report of overtime would be overridden by David S. Roth and no overtime would be paid for any employees that performed work at Mansfield Village. The same is true of time and overtime with respect to snow removal and salting.

24.  Though Harm Sr. and Harm Jr. worked at a large apartment complex, there would often be less superintendents than required for the number of units, requiring them to work hours above and beyond a forty (40) hour work week, or their days on-call. When Harm Jr. was on-call, he could not leave the premises and attend to his own affairs. He was not simply answering the phone for a few tenants that had issues or complaints. He was constantly working.

25.  Though during his over thirty (30) year tenure Harm Sr. was promoted to Property Manager, responsible for among other obligations, overseeing employees, seventy-three (73) buildings, 812 units, rental agents, and contractors, he was still required to repair HVAC systems, coils, compressors, remove snow, salt, run snow removal machinery, perform water main and pipe repair, dig ditches, and basically perform all the work of regular employees and superintendents. Though these types of jobs were not in his job description as Property Manager, he was not given additional wages nor paid any overtime for performance of these jobs.

26.  Upon information and belief, Defendants are adept at misclassifying personnel for purposes of designating certain employees exempt from overtime. In a separate action involving the Wilf Family and Garden Homes Management Corp., brought by plaintiff-business partners Ada Reichman and Josef Halpern for fraud, bad faith, and racketeering, and New Jersey State Superior Court judge described how it was "difficult to unravel companies" in connection with the Wilf family empire. It was a regular practice to fail to keep separate books, and use "crime-like

tactics" to commit fraud. That civil fraud action involved Rachel Gardens, another Garden Homes community.

27. While this might not be dispositive in this action, such information supports that Defendants comprise an intricate web of sophisticated corporations and business entities, overlapping and operating real estate and apartment complexes and real property developments throughout New Jersey.

28. Upon information and belief, Mansfield Village is part and parcel of this web, as is Minac.

## STATEMENT OF CLAIMS

### COUNT ONE

### (VIOLATION OF FAIR LABOR STANDARDS ACT)

29. Plaintiffs repeat each and every allegation contained in the preceding paragraphs of the Complaint as though fully set forth herein.

30. Upon information and belief, at all relevant times, Defendants were employers engaged in interstate commerce and/or the production or use of goods for commerce within the meaning of the FLSA, 29 U.S.C. Sections 206(a) and 207(a). Further, Plaintiffs-employees, and all similarly situated employees of Defendants, are covered individuals within the meaning of the FLSA, 29 U.S.C. Sections 206(a) and 207(a).

31. At all relevant time periods, Defendants employed Plaintiffs and all similarly situated employees within the meaning of the FLSA.

32. Upon information and belief, at least within each of the three (3) most recent years the Corporate Defendants or business entities, either jointly or severally, had gross revenues in excess of $500,000.

33. Plaintiffs and all similarly situated employees were entitled to be paid at the statutory rate of time and a half for all hours worked in excess of the maximum hours provided for by the FSLA.

34. Defendants failed to pay Plaintiffs and all similarly situated employees overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FSLA.

35. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and all similarly situated employees for all hours worked in excess of forty (40) per work week, which violated and continues to violate the FLSA, 29 U.S.C. Sections 207(a)(1) and 215(a).

36. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and all similarly situated employees at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiffs and all similarly situated employees of Defendants.

37. Defendants have failed to make, record, report, keep, and preserve records with respect to the work of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. Section 201 et seq., including U.S.C. 211(c) and 215(a).

38. Defendants failed to properly disclose or apprise Plaintiffs and all similarly situated employees of their rights under the FLSA.

39. As a direct and proximate result of the Defendants' violation of the FLSA, Plaintiffs and all similarly situated employees, are entitled to liquidated damages pursuant to the FLSA.

40. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs and all similarly situated employees suffered damages in an amount not presently ascertainable of unpaid overtime compensation, unpaid wages, plus an equal amount as liquidated damages and prejudgment interest thereon.

41. Plaintiffs and all similarly situated employees of Defendants are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. Section 216(b).

## COUNT TWO

### (Violation of the New Jersey Wage and Hour Law)

42. Plaintiff repeats each and every allegation contained in the preceding paragraphs of the Complaint as though fully set forth herein.

43. At all relevant times, Plaintiffs and all similarly situated employees of Defendants were employed by Defendants within the meaning of the New Jersey Wage and Hour Law ("NJWHLR"), N.J.S.A. 34:11-56a(1)(g).

44. Defendants knowingly and willfully violated the rights of Plaintiffs and all similarly situated employees by failing to pay Plaintiffs and all similarly situated employees overtime compensation at rates of not less than time and one-half for all hours worked in excess of forty (4) hours in a workweek in violation of N.J.S.A. Section 34:11-56a4.

45. Defendants knew of and/or showed a willful disregard for the provisions of the NJWHLR as evidenced by their failure to pay Plaintiffs and other similarly situated employees of Defendants overtime compensation for all hours worked when they knew or should have known

such was due. In some instances, Plaintiffs received no wages, let alone overtime wages, for work performed.

46. Defendants actions were willful and not in good faith within the meaning of N.J.S.A. Sections 34:11-56a25.2.

47. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of N.J.S.A. Section 34:11-56a20; N.J.A.C. Sections 12:56-4.1; 12:56-4.2.

48. Defendants, upon information and belief, failed to establish, maintain and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of N.J.A.C. Section 12:56-4.4.

49. Plaintiffs and all similarly situated employees of Defendants suffered, are now suffering, and will continue to suffer irreparable injury and monetary damages as a result of the Defendants' acts.

50. Due to the Defendants' NJWHLR violations, Plaintiffs and all similarly situated employees of Defendants are entitled to recover from the Defendants their unpaid overtime compensation, wages, reasonable attorney's fees and costs and disbursements pursuant to N.J.S.A. 34:11-56.8.

51. Plaintiffs are also entitled to liquidated damages pursuant to N.J.S.A. 34:11-56.8.

### COUNT THREE

### (Common law fraud and misrepresentation)

52. Plaintiffs repeat each and every allegation contained in the preceding paragraphs of the Complaint as though fully set forth herein.

53. Defendants deliberately and willfully misrepresented to Plaintiffs that they were not employed by or part of Garden Homes, despite the fact that Harm, Sr. was told he must attend the Garden Homes management meetings.

54. Defendants deliberately and willfully stated to Plaintiffs that they were not entitled to their lawful wages or overtime.

55. When Plaintiffs asked for overtime, they were wrongfully terminated.

## COUNT IV

### (Breach of Contract)

56. Plaintiffs repeat each and every allegation contained in the preceding paragraphs of the Complaint as though fully set forth herein.

57. Plaintiffs and Defendants entered into numerous oral agreements whereby Plaintiffs agreed to perform job duties such as snow plowing, salting, ditch digging, HVAC repair, and other activities outside the scope of their job descriptions.

58. Defendants failed to pay Plaintiffs their regular hourly rate or overtime in connection with these activities event though Plaintiffs regularly reported their time for such activities.

59. Defendants would tell Plaintiffs outright that they were not getting any overtime for anything.

60. As a result of Defendants' failure to make payment, Defendant have breached their oral and written contracts.

61. Plaintiffs have fully performed their obligations under the contract.

62. Defendants' further have an employment manual that was issued to other properties, but not issued to Plaintiffs.

63. Defendants continuously avoid correctly identifying which companies in the web of companies owned and operated by the Wilf Family and Roth.

64. Defendants continuously avoid giving to Plaintiffs the benefits received by other employees of other apartment complexes that make up part of the vast web of entwined business entities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Barry T. Harm, Sr. and Barry T. Harm, Jr., on behalf of themselves and others similarly situated, request that this Court grant the following relief:

(a) An award of unpaid wages and overtime compensation due under the FSLA and New Jersey Wage and Hour Law;

(b) An award of liquidated damages as a result of the Defendants' failure to pay wages and overtime compensation pursuant to 29 U.S.C. Section 216;

(c) An award of liquidated damages as a result of the Defendants' failure to pay wages and overtime compensation pursuant to N.J.S.A. 34:11-56.8;

(d) An award of prejudgment and post judgment interest;

(e) An award of costs and expenses of this action together with reasonable attorney's fees and expert fees as authorized by law;

(f) Such other relief as this Court deems just and reasonable.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues.

## DESIGNATION OF TRIAL COUNSEL

Plaintiffs hereby designate Joseph J. Bell, Esq., Bell & Shivas, P.C. as trial counsel in this

matter.

DATED: June 22, 2017

**BELL & SHIVAS, P.C.**
Attorneys for Plaintiffs
Barry T. Harm, Sr. and Barry T. Harm, Jr.

_____
Joseph J. Bell, Esq.

## CERTIFICATION

Pursuant to Local Rule 11.2, I certify that the matter in controversy alleged in the foregoing Complaint is not currently being litigated before any Court and the matter is not the subject of any alternative dispute resolution proceedings.

DATED: June 22, 2017

**BELL & SHIVAS, P.C.**
Attorneys for Plaintiffs
Barry T. Harm, Sr. and Barry T. Harm, Jr.

Joseph J. Bell, Esq.

## CONSENT TO SUE UNDER FAIR LABOR STANDARDS ACT AND NJWHL

I, BARRY T. HARM, SR., am an employee formerly employed by the individual and corporate/partnership/business entity defendants in this matter. I consent to be a Plaintiff in the above captioned action to collect unpaid wages and overtime and to assert common law claims of misrepresentation/fraud/breach of contract.

Dated: June 22, 2017

_____
Barry T. Harm, Sr.

## F.R.C.P. RULE 9 VERIFICATION

I, BARRY T. HARM, SR., do hereby certify as follows:

1. I am a Plaintiff in connection with the above captioned matter.

2. I am a former employee of Defendants.

3. I am have reviewed the facts of this case as stated in the Complaint being filed by my attorneys, Bell & Fasalo, P.C.

4. I further provided my attorneys with additional facts and information, as well as documents, supporting the facts in the Complaint.

5. Any documents provided to my attorneys are true and correct copies.

I verify that to the best of my knowledge, information and belief, the above statements made by me are true. I am aware that if any of the above statements made by me are willfully false, I am subject to punishment.

Barry T. Harm, Sr.

Dated: June 22, 2017

## CONSENT TO SUE UNDER FAIR LABOR STANDARDS ACT AND NJWHL

I, BARRY T. HARM, JR., am an employee formerly employed by the individual and corporate/partnership/business entity defendants in this matter. I consent to be a Plaintiff in the above captioned action to collect unpaid wages and overtime and to assert common law claims of misrepresentation/fraud/breach of contract.

Dated: June 22, 2017

_____
Barry T. Harm, Jr.

## **F.R.C.P. RULE 9 VERIFICATION**

I, BARRY T. HARM, JR., do hereby certify as follows:

1. I am a Plaintiff in connection with the above captioned matter.

2. I am a former employee of Defendants.

3. I am have reviewed the facts of this case as stated in the Complaint being filed by my attorneys, Bell & Fasalo, P.C.

4. I further provided my attorneys with additional facts and information, as well as documents, supporting the facts in the Complaint.

5. Any documents provided to my attorneys are true and correct copies.

I verify that to the best of my knowledge, information and belief, the above statements made by me are true. I am aware that if any of the above statements made by me are willfully false, I am subject to punishment.

Barry T. Harm, Jr.

Dated: June 22, 2017